■ TETRA FINANCE (HK) LIMITED et al., Respondents, v JEAN P. PATRY et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York County (Richard W. Wallach, J.), entered on May 6, 1985, which denied the motion of defendants Jean P. Patry, Sodages, S.A., and Tom Eddy to dismiss the action pursuant to CPLR 327 (a), is unanimously reversed, on the law and facts and in the exercise of discretion, with costs. The motion is granted on condition that within 30 days from the service of a copy of this court's order, appellants stipulate to accept service of process and to submit to the jurisdiction of the courts of Hong Kong in any action to be commenced in Hong Kong for the same relief demanded in the complaint herein and that in any such action commenced in Hong Kong they will not plead and thereby waive any defense of Statute of Limitations or lack of jurisdiction. In the event appellants fail to comply with the foregoing condition, the order of the Supreme Court is affirmed, with costs.

This action was brought by two residents of Hong Kong who were appointed by a Hong Kong court to serve as liquidators of two bankrupt Hong Kong corporations. They sue in their official capacity as liquidators under Hong Kong law and also in the names of the two Hong Kong corporations, Tetra Finance (HK) Limited (Tetra) and Hong Kong Deposit and Guaranty Company Limited (HKDG).

The principal defendant, Patry, is a Swiss lawyer who served as a director of the two Hong Kong corporations. The complaint arises from an agreement and related documents executed by Patry and other defendants in Hong Kong on February 11, 1983. The purpose and effect of this agreement was to settle claims among various individuals and entities alleged to have had direct or indirect dealings with the two Hong Kong corporations and with each other. The complaint basically claims that Patry's participation in the Hong Kong settlement agreement constituted a breach of his fiduciary duties to the Hong Kong corporations under Hong Kong law.

Four defendants, John M. Shaheen, Bradford A. Shaheen, Royal Anchor, Inc., and Sodages, S.A., were parties to the Hong Kong agreement and related documents. They were present, through agents, in Hong Kong for the execution of those instruments. The only named defendant having no apparent connection with Hong Kong is Eddy, who is alleged

to be a client of Patry and the beneficial owner of some of the HKDG stock that would be affected by the Hong Kong settlement agreement executed by Patry and the other defendants. However, he consented to jurisdiction in Hong Kong and joined with Patry and Sodages in moving to dismiss the action on the ground of forum non conveniens.

The other defendants, the Shaheens, who are New York residents, and their corporation, Royal Anchor (Shaheen defendants), did not oppose the motion to dismiss the action on the ground of forum non conveniens.

Special Term initially determined that "the action cannot be said to have a 'substantial nexus' with New York," but then decided that Hong Kong was not an available forum because "not all of the defendants voice support for a Hong Kong forum." In essence, the court construed the Shaheen defendants' decision not to oppose the motion to dismiss on forum non conveniens grounds as an expression of opposition rendering Hong Kong unavailable as a forum. We disagree and grant the motion to dismiss on the ground of forum non conveniens.

The alleged transactions and events underlying the complaint all involve the business of the two Hong Kong corporations named as plaintiffs in this action and the relationships of the various defendants to those corporations. The allegations concern the incorporation, capitalization and record ownership of HKDG; the financial difficulties of the corporations and ensuing board meetings in Hong Kong; the information allegedly learned by Patry in Hong Kong concerning loans by the Hong Kong corporations to the Shaheen defendants; restructuring of those loans and the alleged effects of those loans; the settlement agreement executed in Hong Kong by all defendants (save Eddy) in order to adjust their differences arising from transactions with the corporations; and Patry's alleged failure to cooperate with the Hong Kong liquidators. The major portion of documents and business records bearing on these events is necessarily located in Hong Kong. Although the Shaheen defendants reside in New York, it is their extensive financial dealings in Hong Kong that are at issue in this suit.

Not only are the "Hong Kong facts" important in determining the forum non conveniens issue, the decisive role of Hong Kong law is unquestionable. The entire complaint is based upon an alleged breach by Patry, "aided" and "abetted" by the other defendants, of "fiduciary and other obligations owed under the law of Hong Kong."

The action is, therefore, almost entirely concerned with events, institutions and law in Hong Kong. It is apparent from the facts that Special Term correctly determined that "the action cannot be said to have a 'substantial nexus' with New York *(see, Silver v. Great American Insurance Company,* 29 N. Y. 2d 356, 361 [1973])."

The only contact with New York of arguable significance is the New York residence of defendants John and Bradford Shaheen. However, the *Silver* case (now codified in CPLR 327 [a]) has declared that residence in New York of any party to the action shall not be a decisive factor and shall not preclude the court from staying or dismissing the action.

It further appears that Hong Kong would have "long-arm" jurisdiction over the Shaheen defendants and that, in any event, these defendants would not be necessary parties to this action. Moreover, the availability of Hong Kong as an alternative forum, while "a most important factor to be considered in ruling on a motion to dismiss," is not "a prerequisite for applying the *conveniens* doctrine" *(Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 481). Concur—Murphy, P. J., Asch, Kassal and Ellerin, JJ.