■ ALAN METZ, Appellant, v DAVIS POLK & WARDWELL, Respondent. [19 NYS3d 162]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered February 7, 2014, which granted defendant's motion to dismiss on forum non conveniens grounds, unanimously affirmed, without costs.

The motion court providently exercised its discretion and properly balanced the factors set forth in *Islamic Republic of Iran v Pahlavi* (62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]; *Matter of Alla v American Univ. of Antigua, Coll. of Medicine*, 106 AD3d 570, 570 [1st Dept 2013]). As the motion court observed in evaluating the situs of the events at issue, plaintiff "reached across the Pacific" to recruit the partner he claims to have introduced to the defendant law firm, and all discussions occurred with that partner located in Hong Kong.

Plaintiff claims that Hong Kong is not an adequate forum on the basis that he would be unable to retain counsel on a contingency fee. Here, however, where the negotiations at issue were directed to Hong Kong, and key witnesses were located there, the motion to dismiss was properly granted (*see Emslie v Recreative Indus., Inc.*, 105 AD3d 1335, 1336-1337 [4th Dept 2013]; *cf. Waterways Ltd. v Barclays Bank PLC*, 174 AD2d 324, 327-328 [1st Dept 1991]).

Plaintiff further ignores the hardship to defendants whose key witnesses are located in Hong Kong, the noted admissibility problems with respect to electronic discovery, and the likely application of the law of Hong Kong. Since this action is almost entirely concerned with events and law in Hong Kong, it cannot be said that the action has a "substantial nexus" with New York (*Tetra Fin. [HK] v Patry*, 115 AD2d 408, 410 [1st Dept 1985]). Concur—Gonzalez, P.J., Sweeny, Manzanet-Daniels and Kapnick, JJ.